In the afternoon of July 31, 1939, while engaged as an employee of the Great National Oil Corporation in the unearthing and removing of a pipeline located near Mira, Louisiana, plaintiff, Johnnie Sams, experienced an accident that caused him injury and disability. He was at the time assisting others in the moving of a log, and, in the conduct of this particular task, stepped into a hole and fell bearing the log's weight.
For eighteen weeks thereafter plaintiff was paid compensation at the rate of $13.52 per week. Following cessation of the payments, he brought this suit against the employer and its insurer, the United Employers Casualty Company, asking to be awarded the benefits provided for in the Louisiana Compensation statute. Only the named insurer was cited and filed answer.
The district judge heard evidence on the issues created by the pleadings, and thereafter reached the conclusion, as his well-considered written opinion discloses, that the accident was responsible for plaintiff's suffering a spraining of the lumbar muscles and a sacroiliac strain, and that total disability was a consequence of the injuries. Accordingly he decreed plaintiff entitled to be paid $13.52 per week from July 31, 1939, during disability but not exceeding 400 weeks, less a credit of eighteen weeks' compensation *Page 350 
previously paid, with legal interest on all past-due installments. The signed judgment was in keeping with the decree except to the extent that the credit allowed was for only sixteen weeks of the compensation that had previously been paid.
The insurer perfected a suspensive appeal to this court, following which it was placed in receivership; and the duly appointed and qualified receiver has been substituted in its stead through an appropriate motion and an order.
The principal issue in the case is whether or not plaintiff's present disability, which is clearly shown to be total, resulted from the admittedly occurring accident and injury. This, of course, is one of fact; and for the purpose of aiding in solving it, an array of physicians appeared at the trial and furnished relevant medical proof.
The experts called by plaintiff expressed themselves affirmatively on the question. The contrary view was taken by the ones whom defendant offered; however, among these there was a disagreement as to the true cause of plaintiff's disabling condition, two of them taking the position that an infected prostate and an infected kidney were responsible therefor while others attach no significance to the found infections.
A thorough and correct analysis of the testimony of each medical expert is provided by the trial judge in his written reasons for the judgment rendered. We do not give here a similar discussion of it because no useful purpose would be served by our doing so. The record has been carefully and painstakingly studied by us, however, and we are of the belief that the evidence was properly evaluated and that the announced issue of fact was correctly resolved in favor of plaintiff. Consequently, such litigant, as has been held, is entitled to the benefits provided by the act in cases of total and permanent disability.
Appellant complains that the evidence adduced was insufficient to justify the fixing of compensation in the amount of $13.52 per week. There is merit, we think, in the complaint.
The petition of plaintiff recites that he was receiving a weekly wage in excess of $21. The answer lists a denial of the allegation. Respecting the issue thus formed, the only proof offered is to be found in the following question and answer: "Q. What wages were you getting at that time, Mr. Sams? A. We were allowed forty-four hours a week, we were working overtime, I don't know just exactly what we were making."
It is true, and so admitted by defendant, that plaintiff was paid eighteen weeks' compensation at the rate of $13.52 per week. But inasmuch as these payments, according to the specific provisions of the applicable statute, would not constitute an admission of liability for compensation, Subsection 5 of Section 18, Act 20 of 1914, as amended by Act 85 of 1926, we think that they cannot be considered as making full proof of the wages being earned by plaintiff when injured.
Therefore, the case will be remanded for the restricted purpose of receiving evidence relative to such wages; and after the reception of this proof the district court shall render a judgment in favor of plaintiff for the appropriate compensation beginning July 31, 1939, and continuing during disability but not exceeding 400 weeks, less a credit for the eighteen weeks already paid. The installments are to bear legal interest from their respective maturity dates and defendant shall pay all costs incurred in the trial court.
Accordingly, the judgment is reversed and set aside and the case is remanded for further proceedings consistent and in keeping with the views herein expressed. Costs of this appeal shall be paid by plaintiff.
 On Rehearing.